# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT C. STRYKER,**

        **Petitioner,**

        v.                                 Case No. 22-CV-1243

**ELIZABETH TEGELS,**

        **Respondent.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Robert C. Stryker, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus.

Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Stryker acknowledges that he has not exhausted his claim that he was denied the effective assistance of counsel on appeal. (ECF No. 1 at 7.) He argues that exhaustion is not possible "because it was the deficient process itself which generated this ground." (ECF No. 1 at 7.) In Wisconsin, claims of ineffective assistance of appellate counsel are

generally presented by way of a "*Knight* petition." *See State v. Knight*, 168 Wis. 2d 509, 512-13, 484 N.W.2d 540 (1992). If such a procedure is available to Stryker, it would likely render his petition "mixed" and preclude the court from granting him relief on any claim. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

But the record currently before the court does not sufficient to permit the court to resolve this issue, and therefore the court is unable to say that it is plainly apparent that Stryker is not entitled to relief. Consequently, the respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Stryker shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. Stryker may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss Stryker's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition, Stryker shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 1st day of November, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge