UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT C. STRYKER,

              Petitioner,

v.                                                                                Case No. 22-cv-1243-bhl

DANIEL CROMWELL,

              Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION TO SUPPLEMENT THE RECORD

       Petitioner Robert Stryker was convicted by a jury of first-degree sexual assault of a child in violation of Wis. Stat. §948.02. (ECF No. 1 at 2.) On December 19, 2016, he received a sentence of eight years initial confinement and eight years extended supervision. (*Id*.) Trial counsel timely filed notice of intent to pursue postconviction relief. (ECF No. 11 at 6.) Wisconsin's state public defender then assigned him new counsel for his postconviction motion and direct appeal. (*Id*.) Stryker complains that "[a]ppointed appellate counsel was extremely dilatory despite petitioner's repeated pleas to her." (ECF No. 1 at 6-7.) In April of 2020, appointed counsel filed a postconviction motion that Stryker contends was "rife with errors." (ECF No. 1 at 4; ECF No. 11 at 7.) The motion was denied by the circuit court. (ECF No. 11 at 6.) Stryker then dismissed appointed counsel and proceeded *pro se* on direct appeal. (*Id*..) On December 29, 2021, the Wisconsin Court of Appeals affirmed Stryker's conviction and the Wisconsin Supreme Court denied review on January 26, 2022. (*Id*.) On October 20, 2022, Stryker filed a petition for writ of habeas corpus. (ECF No. 1.)

       Stryker's habeas petition asserts three grounds for relief: (1) he was denied the effective assistance of appellate counsel during his Wisconsin direct appeal; (2) he was denied his constitutional right to a fair trial based on members of the Guardians of Children motorcycle club who were present in the courtroom; and (3) his rights to confrontation and compulsory process were violated when the trial court excluded prior untruthful statements of the state's witnesses.

(ECF No. 1 at 6-8.) The second and third issues were raised by Stryker during his direct state court appeal. *See Wis. v. Stryker*, 2002 WI App 7, 970 N.W.2d 587 (2021). But he has never presented his claim that he was denied the effective assistance of appellate counsel in state court.

On December 30, 2022, the Respondent moved to dismiss the petition. (ECF No. 9.) Citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982), Respondent argues that because Stryker's petition is a "mixed petition" that includes both exhausted and unexhausted claims, this Court cannot entertain it. (ECF No. 10 at 2.) The law generally requires the Court to dismiss mixed petitions. *Lundy*, 455 U.S. at 510.

Stryker acknowledges that he has not exhausted his effective assistance of counsel claim. (*Id*. at 7.) He argues, however, that exhaustion is not possible "because it was the deficient process itself which generated this ground." (*Id*.) He further claims "[r]equiring an additional attempt to get Wisconsin courts to address this due process violation would not be reasonable" and it would be "unreasonable" to expect him as "an 'unrepresented' appellant" to exhaust his ineffective assistance of postconviction/appellate counsel claim in state court." (ECF No. 11 at 14, 15.)

Stryker's attempt to evade his exhaustion obligations is without merit. The exhaustion requirement can be excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the right of the applicant." 28 U.S.C. §2254(b)(1)(B)(i)-(ii). Neither circumstance is present here. Stryker has not even attempted to bring his ineffective assistance claim in state court and, as Respondent explains, Wisconsin law provides a procedure for him to do so. (ECF No. 14 at 2-3.) Under Wisconsin procedure, claims of ineffective assistance of appellate counsel are generally presented by way of a *Knight* petition. *See State v. Knight*, 484 N.W.2d 540, 545 (Wis. 1992) ("[T]o bring a claim of ineffective assistance of appellate counsel, a defendant must petition the appellate court that heard the appeal for a writ of habeas corpus."). Stryker has not filed a *Knight* petition and has not shown circumstances that would render that established process ineffective. His desire to skip the process, having been previously unsuccessful in the state courts, is not a ground for excusing the exhaustion requirement.

Where a petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). In limited circumstances, however, where dismissal would essentially bar a future habeas case because of the statute of limitations, a district

court may instead stay the case and provide the petitioner the opportunity to exhaust the remaining claims. *Rhines v. Weber,* 544 U.S. 269, 275-78 (2005). The Seventh Circuit has cautioned, however, that a federal district court should only stay a mixed petition if the petitioner had good cause for his failure to exhaust and his claims "are not plainly meritless." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008); *Rhines*, 544 U.S. at 277 (noting that "stay and abeyance should be available only in limited circumstances").

The Court will therefore give Stryker two options. He may choose to abandon his unexhausted claim and proceed with only those claims that are fully exhausted, or, he may file a motion asking the Court to stay the case while he pursues his unexhausted claim in state court. Stryker must take one of these steps within thirty (30) days of the date of this Order. If he fails to do so, the Court will simply dismiss the case as a "mixed petition" under *Rose v. Lundy*. Stryker is cautioned that even if he moves for a stay and abeyance to allow him to exhaust his state court remedies, the Court may not grant his motion. The Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. A stay and abeyance will be granted only if the court determines there is "good cause for the petitioner's failure to exhaust his claims first in state court," and even then, only if the unexhausted claims are not "plainly meritless." *Id.* The Court makes no promises that it will grant a stay request.

Stryker has also filed a Motion to Enlarge the Record seeking to include a number of documents that "support Ground One in the Petition for Writ of Habeas Corpus." (ECF No. 12 at 1.) Respondent opposes the motion because none of the documents Stryker seeks to add to the record were presented to the Wisconsin courts for consideration. (ECF No. 16.) "[R]eview under §2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits*." Cullen v. Pinholster*, 563 U.S. 170, 181 (2011.) In other words, "the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court." *Id.* at 182. As previously noted, Stryker did not pursue an ineffective assistance of appellate counsel claim despite having the availability of filing a *Knight* petition. When the petitioner has failed to develop the factual basis of a claim in state court proceedings, the petitioner must show the "factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. §2254(e)(2)(A)(ii). At this juncture in the proceedings, Stryker has not made the necessary showing and his motion to expand the record will be denied without prejudice.

Accordingly,

**IT IS ORDERED** that Stryker shall have thirty (30) days following the filing of this Order to (1) advise the Court that he wishes to abandon any claim he has not exhausted and proceed in this case with his exhausted claims; or (2) move to have the case stayed while he pursues his unexhausted claim of ineffective assistance of counsel in state court.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss (ECF No. 9) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Enlarge the Record (ECF No. 12) is **denied without prejudice**.

Dated at Milwaukee, Wisconsin on August 15, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge