UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT C. STRYKER,

              Petitioner,

                                      Case No. 22-cv-1243-bhl

   v.

DANIEL CROMWELL, Warden,

              Defendant.

## ORDER DENYING MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE AND MOTION FOR PERMISSION TO PROCEED IN FORMA PAUPERIS

Proceeding *pro se*, Petitioner Robert C. Stryker, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record confirms that Stryker's petition is a "mixed petition" that asserts both exhausted and unexhausted claims. *See Rose v Lundy*, 455 U.S. 509, 510 (1982). As he acknowledges in his petition, Stryker has not exhausted his claim that he was denied the effective assistance of counsel on appeal. (ECF No. 1 at 7.) As the Court's Order stated, "[Stryker] has never presented his claim that he was denied the effective assistance of appellate counsel in state court." (ECF No. 18 at 2.) It is also undisputed that Wisconsin has a process by which Stryker could challenge whether he was denied the effective assistance of counsel on appeal. *See State v. Knight*, 484 N.W.2d 540, 545 (Wis. 1992) ("[T]o bring a claim of ineffective assistance of appellate counsel, a defendant must petition the appellate court that heard the appeal for a writ of habeas corpus."); *State v. Evans*, 682 N.W.2d 784, 797 (Wis. 2004), *overruled on other grounds by State ex rel. Coleman v. McCaughtry*, 714 N.W.2d 909 (Wis. 2006) ("a Knight petition is a substantive motion challenging the lawfulness of an individual's imprisonment based on the denial of effective assistance of counsel on direct appeal").

Accordingly, in its August 15, 2023 screening order, the Court gave Stryker two options. He could abandon his unexhausted claim and proceed with only those claims that are fully exhausted, or he could ask the Court to stay the case while he pursues his unexhausted claim in

state court. (ECF No. 18); *See Rose*, 455 U.S. at 510 (district court must dismiss a habeas petition that contains both exhausted and unexhausted claims, "leaving the [petitioner] with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court"); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus … shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State"). The Court gave Petitioner thirty (30) days from the date of the Order to make his decision. (ECF No. 18 at 4.)

Instead of complying with the Court's order, on August 23, 2023, Stryker filed a Notice of Appeal from that order. (ECF No. 19.) On September 7, 2023, Petitioner filed a motion for permission to proceed in forma pauperis and a motion for leave to appeal without prepayment of the filing fee. (ECF Nos. 24 & 25.) Stryker also submitted his Trust Account Statement indicating that as of August 28, 2023, the balance in his regular account was $247.71. (ECF No. 26 at 2.)

Although Stryker paid the $5.00 filing fee to initiate his case before this Court, the appellate fee is substantially higher, and Stryker's prisoner trust fund account balance shows that he lacks sufficient funds to pay it. (*Id*.) He, therefore, meets the indigency requirement to appeal in forma pauperis. That said, a petitioner cannot appeal in forma pauperis if the district court "certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(3). Thus, the question before the Court is whether Stryker's appeal is taken "in good faith."

An appeal is taken "in good faith" if it seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Anders v. California*, 386 U.S. 738, 744 (1967); *see also Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998) (The appellant "must demonstrate that the issues are debatable among jurists of reason."). An appeal is taken "in bad faith" if it is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Stryker's appeal is not taken in good faith because he seeks to appeal a non-final, non-appealable order. The federal courts of appeal have jurisdiction over final decisions of the federal district courts. *See* 28 U.S.C. § 1291; s*ee also P.H. Glatfelter Co. v. Windward Prospects Ltd.,* 847 F.3d 452, 455 (7th Cir. 2017). "A final decision is one that 'ends the litigation on the merits, leaving nothing for the [district] court to do but execute the judgment.'" *P.H. Glatfelter Co.,* 847 F.3d at 455 (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)). By its very terms, the Court's screening order did not finally resolve his case and is thus not an appealable

final order. *See Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003) ("The test for finality is not whether the suit is dismissed with prejudice or without prejudice, on the merits or on a jurisdictional ground or on a procedural ground such as failure to exhaust administrative remedies when exhaustion is not a jurisdictional requirement. The test is whether the district court has finished with the case.") Because Stryker seeks to proceed with an appeal over which the United States Court of Appeals for the Seventh Circuit does not have jurisdiction, the Court concludes that Stryker did not bring his appeal in good faith. *See e.g. Peters v. Baldwin*, No. 17-CV-499-NJR-DGW, 2018 WL 10688328, at *1 (S.D. Ill. Apr. 5, 2018) ("the Court certifies that Plaintiff's appeal is frivolous because he is appealing non-appealable orders").

Pursuant to 28 U.S.C. §1915(a)(3), the Court certifies that Petitioner has filed his pending appeal in bad faith. Because Petitioner's appeal is taken in bad faith, he cannot prosecute the appeal *in forma pauperis* and must pay the appellate filing fees within fourteen days. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by*, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000); *Lee*, 209 F.3d at 1027. If Petitioner wishes to contest the Court's determination that his appeal is not taken in good faith, he must file a motion with the United States Court of Appeals for the Seventh Circuit seeking review of this Court's certification within thirty days after service of this order. *See* Fed. R. App. P. 24(a)(5). With that motion, Stryker must include: (1) an affidavit as described in the first paragraph of Fed. R. App. P. 24(a); (2) a statement of the issues he intends to argue on appeal; and (3) a copy of this order. If Stryker does not file a motion requesting review of this order, the Court of Appeals may require him to pay the entire $505 filing fee before it considers his appeal. If he does not pay the fee within the deadline set, the Court of Appeals may dismiss the appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for permission to proceed in forma pauperis (ECF No. 24) and motion for leave to appeal without prepayment of the filing fee (ECF No. 25), are each **DENIED** because the Court certifies that Petitioner's appeal has been taken in bad faith.

**IT IS FURTHER ORDERED** that Petitioner must pay to the clerk of this Court the $505.00 appellate filing fee within fourteen days of this order. Petitioner's failure to comply with this order will result in dismissal of his appeal. Petitioner must clearly identify his payment with the case name and number assigned to this action (22-cv-1243) and to his appeal (23-2674).

Dated at Milwaukee, Wisconsin on September 18, 2023.

                                              s/ *Brett H. Ludwig*
                                              BRETT H. LUDWIG
                                              United States District Judge